IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 15-cr-00476-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAMEL DONSHA MCCLAIN,

    Defendant.

---

**ORDER DENYING DEFENDANT'S PETITION
FOR ORDER REMOVING DETAINER**

---

This matter is before the Court on Defendant Jamel Donsha McClain's Petition for Order Removing Detainer (Doc. # 49) wherein he requests that the federal detainer be removed so that he can participate in various state programs. Because this Court lacks jurisdiction to entertain Defendant's request, it is denied.

On July 13, 2016, Defendant pled guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and the Court sentenced him to twenty-seven months of incarceration, to be served concurrent to any sentence imposed in Arapahoe County District Court. This Judgment became final on October 31, 2016.

Thereafter, Defendant did not contest his plea or sentence. His right to do so, and this Court's consequent authority to vacate or modify the judgment (and thereby remove his detainer) is limited to several post-conviction remedies, including 18 U.S.C. § 3582(c); 28 U.S.C. §§ 1651, 2241, and 2255; and Federal Rules of Civil Procedure 33 and 35. None of those statutes support the Court's jurisdiction in this case.

To begin, 18 U.S.C. § 3582(c)(1)(A) allows for the modification of an imposed term of imprisonment "upon motion by the Director of the Bureau of Prisons," after consideration of the factors set forth in § 3553(a), and after finding that, as pertinent here, "extraordinary and compelling reasons warrant such a reduction." No motion has been filed by the Director of the BOP and the Defendant has made no arguments to support a finding of "extraordinary and compelling reasons." Section 3582(c)(1)(B) adds that a Court may modify an imposed term of imprisonment when expressly permitted by Rule 35. The time period for correcting or reducing a sentence under Rule 35(a), however, is fourteen days. That deadline has passed. Rule 35(b) also allows for a sentence reduction if the Government so moves within one year of sentencing, but no such motion has been filed and the one-year limit has expired.

To the extent Defendant is seeking to challenge the lawful nature of his imprisonment under 28 U.S.C. § 2255, his motion is time barred. *See* 28 U.S.C. § 2255 (f) (discussing the one-year limitations period). Likewise, jurisdiction does not flow from 28 U.S.C. § 2241 because, again, the limitations period has passed, and Defendant has not commenced a separate civil proceeding, nor does he even appear to be lodging a § 2241 petition.

Moreover, it does not appear that Defendant is petitioning this Court for a writ of mandamus under 28 U.S.C. 1651. His motion includes no reference to this statute, nor does he argue that "extraordinary circumstances" exist in this case.

In sum, Defendant has not presented this Court with any legal authority, and the Court has found none, suggesting that it has jurisdiction to grant the relief Defendant requests. His Petition for Order Removing Detainer (Doc. # 49) is, therefore, DENIED.

DATED: April 4, 2018                    BY THE COURT:

                                        _____
                                        CHRISTINE M. ARGUELLO
                                        United States District Judge